FILED
05/08/2025
Lisa Kallio
CLERK
Lewis & Clark County District Court
STATE OF MONTANA
By: Julian Boughton
DV-25-2025-0000262-BF
Menahan, Mike
1.00

John C. Doubek
DOUBEK, PYFER & STORRAR
PO Box 236
Helena MT 59624
Telephone: (406) 442-7830
Facsimile:  (406) 442-7839
john@lawyerinmontana.com

*Attorneys for Plaintiff*

## MONTANA FIRST JUDICIAL DISTRICT LEWIS & CLARK COUNTY, MONTANA

| | |
|---|---|
| KIMBALL REISBECK, <br><br> Plaintiff, <br><br> v. <br><br> CUSTARD INSURANCE ADJUSTERS, ACE AMERICAN INSURANCE COMPANY, and GALLAGHER BASSETT SERVICES INC. <br><br> Defendant. | Cause No: ADV-25-2025-0000262-BF <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> Presiding Judge: Hon. Mike Menahan |

Plaintiff, Kimball Reisbeck (Reisbeck) alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Reisbeck is an individual residing in Helena, Montana.

2. Defendants Custard Insurance Adjusters, ACE American Insurance Company and Gallagher Bassett Services Inc. are adjusting companies, insurers, and companies providing insurance services authorized to engage in business in Montana.

3. Custard Insurance Adjusters is an adjusting company with offices throughout Montana, and elsewhere.

4. ACE American Insurance Company (ACE) is a foreign corporation authorized to sell insurance to companies doing business in Montana.

5. Gallagher Bassett Insurance Services is an insurance brokerage and risk management company providing claims resources and services to customers including clients in Montana.

6. On January 4, 2019 and at all other relevant times Plaintiff was the owner of a business and building on 1501 Railroad Avenue, in Helena, Montana 59601.

7. Late on January 4, 2019, a truck owned and operated by Professional Transportation Inc. (PTI) crashed into Plaintiff's said building, damaging the building.

8. PTI never contacted Plaintiff about this crash. Plaintiff determined by himself that PTI had crashed into his building.

9. There was significant damage to the building which housed Plaintiff's bonding and pawn business. It also housed 3 apartments.

10. The crash rendered the building unsafe and unusable. Plaintiff's business stopped as people were not able to come into the building for safety concerns.

11. Defendants finally contacted Plaintiff in early March, 2019. They wrongly insisted the crash occurred on 2/8/2019 and that the damage was minor. They offered Plaintiff $5,111.03 to fix the building and told him that would be all they would pay.

12. Plaintiff argued the damages far exceeded that and was told not to call Defendants unless he discovered new information. Later in the summer Defendant agreed the damages to the building were much greater. They got a bid for approximately $18,877. They offered that to Plaintiff and told him that was all they would offer.

13. Based on information and belief, Defendants knew early on that Plaintiff had suffered a loss of revenue and had greater building damages but ignored that in their dealings with

Plaintiff and told him they were offering him the most they could. They propped their estimate up by providing an investigative report which did not carefully review the damages done to the building or water damages caused by the crash.

14. Defendants ignored Plaintiff's requests regarding loss of income and higher repair costs as well as the personal property losses within the business premises. Defendants had recognized there was revenue lost from the crash but never discussed that or agreed to pay Plaintiff for that loss.

15. Defendants ignored requests for mediation of the various issues.

16. Defendants each had independent duties to adjust Plaintiff's claims in conformance with Montana law, specifically MCA §33-18-201 and 242.

17. Defendants breached these duties which existed under common law and Montana laws.

18. Plaintiff suffered significant personal property damages as a result, all of which was ignored and denied by Defendants.

19. Further, Defendants breached their duties to handle Plaintiff's claims fairly and in good faith, which in turn damaged Plaintiff.

20. Plaintiff reserves the rights to assert a claim for punitive damage pending further discovery.

WHEREFORE, Plaintiff prays for all damages proved at trial including his costs and expenses.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues triable by a jury.

DATED this ___ day of May, 2025.

DOUBEK, PYFER & STORRAR

By _____

John C. Doubek
Attorney for Plaintiff