**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| KIMBALL REISBECK,<br><br>Plaintiff,<br><br>vs.<br><br>CUSTARD INSURANCE ADJUSTERS, ACE AMERICAN INSURANCE COMPANY, and GALLAGHER BASSETT SERVICES, INC.,<br><br>Defendants. | CV-25-71-H-WWM<br><br>ORDER FOR A MORE DEFINITE STATEMENT AND DENYING DEFENDANTS' MOTIONS TO DISMISS |

On May 8, 2025, Plaintiff Kimball Reisbeck ("Mr. Reisbeck") filed a Complaint and Demand for Jury Trial (*See* Doc. 1-4) in Montana's First Judicial District alleging that Plaintiffs breached duties under Montana's Uniform Trade Practices Act ("UTPA") and ignored their statutory obligation to handle insurance claims fairly and in good faith. (Doc. 1-4 at 3). The matter was removed on October 17, 2025, and all named Defendants filed motions to dismiss. (Docs. 1, 5, 6, 17). Defendants assert Mr. Reisbeck's Complaint is so lacking that it warrants dismissal under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, an order for a more definite statement under Rule 12(e).[1] (Doc. 18 at 9). The Court will grant the request for the latter and deny all three motions to dismiss.

[1] Only Defendant ACE American Insurance Company raises this in its motion (Doc. 17).

## I. Background

Mr. Reisbeck lives in Helena and operates a bonding and pawn business on Railroad Avenue with three apartments. (Doc. 10 at ¶¶ 1 and 6). Mr. Reisbeck describes the Defendants as follows:

- Custard Insurance Adjusters ("Custard") is "an adjusting company with offices throughout Montana, and elsewhere."
- Gallagher Bassett Services Inc. ("Gallagher") is "an insurance brokerage and risk management company providing claims resources and services to customers including clients in Montana."
- ACE American Insurance Company ("ACE") is a "foreign corporation authorized to sell insurance to companies doing business in Montana."

*Id.* ¶¶ 3-5.

On January 4, 2019, a truck owned by Professional Transport, Inc. ("PTI") crashed into Mr. Reisbeck's business. *Id.* ¶ 7. PTI did not contact Mr. Reisbeck, despite having caused "significant damage to the building." *Id.* ¶¶ 8-10. Mr. Reisbeck alleges that the Defendants contacted him in March 2019 and offered $5,111.03 for repairs. *Id.* ¶ 11. After Mr. Reisbeck argued that amount would not cover the damages, Defendants received a bid for $18,877.00, which they offered to Mr. Reisbeck. *Id.* ¶¶ 12-13. In his view, the offer, including the investigative report supporting it, did not take the full damages into account. *Id.* ¶ 13.

Mr. Reisbeck asserts, "Defendants each had independent duties to adjust Plaintiff's claims in conformance with Montana law, specifically Mont. Code Ann. § 33-18-201 and 242," which they breached when failing to handle his claims fairly and in good faith. *Id.* ¶¶ 17-19; *see* Mont. Code Ann. § 33-18-201.

On October 20, 2025, Defendants Gallagher and Custard filed motions to dismiss. (Docs. 5, 6). Gallagher contends that the Complaint fails to "plead the existence of any contract" between Mr. Reisbeck and Gallagher, and that Mr. Reisbeck's claims are barred by the statute of limitations. (Doc. 5 at 2); *see also* Mont. Code Ann. §§ 27-1-102, 27-2-204. Similarly, Custard claims that it is not an insurer and, therefore, owes Mr. Reisbeck no legal duty. (Doc. 6 at 4).

Mr. Reisbeck responded on October 29, 2025, asserting that his Complaint meets the pleading requirements of Federal Rule of Civil Procedure 8, because it contains short, plain statements demonstrating entitlement to relief. (Doc. 11 at 4). Mr. Reisbeck further cited Mont. Code Ann. §§ 33-18-201, -247(2), to support his position that the statute of limitations for his claims "does not begin to run until the date of settlement or entry of judgment on the underlying claim." *Id.* at 2. Mr. Reisbeck states that "settlement was finalized in May 2025." (Doc. 22 at 3). Custard and Gallagher replied on November 11, 2025. (Doc. 12).

On March 26, 2026, Magistrate Judge Timothy Cavan ordered Mr. Reisbeck to serve ACE no later than May 1, 2026. (Doc. 15). Mr. Reisbeck provided notice

on April 6th, confirming that ACE had been served (Doc. 16) and, on April 17th, ACE submitted its motion to dismiss. (Doc. 17). In addition to claiming Mr. Reisbeck's common law bad faith claims are statutorily barred and that the Complaint is insufficient, ACE asserts that, to the extend Mr. Reisbeck alleges fraud or mistake, the Complaint does not state with particularity any actual misrepresentations or fraudulent conduct. (Doc. 18 at 7).

II. Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 931 (9th Cir. 2011) (quoting *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)). Thus, in reviewing a motion to dismiss, a district court must construe the complaint's factual allegations in a light most favorable to the plaintiff, but it is not required to accept allegations in the complaint that are legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal under Rule 12(b)(6) is appropriate only where the complaint "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Valame v. Trump*, 157 F.4th 1172, 1173 (9th Cir.

2025) (per curium) (quoting *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)). In the Ninth Circuit, "[i]t is axiomatic that the motion to dismiss . . . is viewed with disfavor and is rarely granted." *Ernst and Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022) (quoting *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991)). Rather, it is more appropriate to grant leave to amend a complaint that fails to state a claim, even when leave is not requested. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Only when a court is satisfied that a party cannot possibly cure deficiencies should the court order dismissal without leave to amend. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir. 2003).

III. Discussion

Mr. Reisbeck's Complaint requires the Court to make several assumptions as to his underlying claims. For instance, the relationships between the parties are not clear from the Complaint. It appears PTI was an insured of ACE when the PTI truck caused damage to Mr. Reisbeck's building. Gallagher may have sold ACE's policy to PTI. After ACE became aware of Mr. Reisbeck's claim, it likely contacted Custard to assess the damage and handle the adjustment of the claim. Yet, none of these connections are explained in the Complaint. Indeed, any description of the relationship between Defendants, Mr. Reisbeck, PTI, the crash, or each other is entirely absent from the Complaint.

Perhaps most problematic is that Mr. Reisbeck does not offer evidence of settlement in the Complaint or in any other pleading filed with this Court. Mr. Reisbeck's Complaint appears to allege a third-party claim against all three Defendants under Montana's UTPA. The UTPA requires insurers, in good faith, to effectuate prompt, fair, and equitable settlements of claims where liability is "reasonably clear." Mont. Code Ann. § 33-18-201(6). The Complaint cites the UTPA, stating the Defendants breached duties "under common law and Montana laws." (Doc. 10 ¶¶ 16-17). Under the UTPA, the applicable statute of limitations for a third-party claim starts "1 year from the date of the settlement of or the entry of judgment on the underlying claim." Mont. Code Ann. § 33-18-242(8)(b). But it is unclear from the face of the Complaint when or if settlement occurred. The Court must instead rely on Mr. Reisbeck's assertion in his reply brief that "[s]ettlement was achieved after several years of continued tortious conduct by [the] Defendants" in May 2025. (Doc. 22 at 2).

When deciding a motion to dismiss, the Court's review is generally limited to the contents of the complaint. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). And if the basis of the motion is the running of the statute of limitations, it should not be granted unless a liberal construction of the complaint makes clear that the plaintiff could not prove that the statute was tolled. *Id.* at 1275 (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

That settlement occurred in 2025 is undisputed by the Defendants, however, it is axiomatic that a well-pled UTPA claim state plausible allegations that demonstrate the timeliness of the Complaint itself. Fed. R. Civ. P. 8(a). For these reasons, Mr. Reisbeck must amend his Complaint to provide a more definite statement underlying the relief he seeks. *See* Fed. R. Civ. P. 12(e) (permitting a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response").

Finally, Mr. Reisbeck may not bring a cause of action under the common law for the handling claims in bad faith against any Defendant. The UTPA explicitly forbids a third-party claimant from bringing an action for bad faith in connection with the handling of an insurance claim. Mont. Code Ann. § 33-18-242(4). The crux of the dispute at bar is clearly about the Defendants' handling of Mr. Reisbeck's third-party claim. As such, any Amended Complaint filed in this matter must not contain common law bad faith claims.

IV. Conclusion

For the foregoing reasons, the Court will permit Mr. Reisbeck to file a more definite statement in the form of an Amended Complaint within 14 days and will deny Defendants' pending motions. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Gallagher's and Custard's motions to dismiss (Docs. 5 and 6) are DENIED. Defendant ACE's Motion to

Dismiss (Doc. 17) is DENIED with respect to dismissal and GRANTED with respect to a more definite statement.

**IT IS FURTHER ORDERED** that Mr. Reisbeck shall file an Amended Complaint providing a more definite statement of his claim under Federal Rules of Civil Procedure 8(a) and 9(b) on or before October 14, 2026, or this case will be dismissed.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 30th day of September, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE